**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| OCTAVIA HALE, on behalf of herself and as Mother and Next Friend of J.H., and JAMONTAE WILSON, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 21-6585 |
| VILLAGE OF LISLE, JEREMIAH ARNOLD, #476, and WILLIAM WISE, #481, | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COME the Plaintiffs, OCTAVIA HALE, on behalf of herself and as Mother and Next Friend of J.H, and JAMONTAE WILSON, by and through their counsel, Ari Williams and Samuels & Associates, Ltd., and complaining of the Defendants, VILLAGE OF LISLE, JEREMIAH ARNOLD #476, and WILLIAM WISE, #481, and state as follows:

## INTRODUCTION

This is a civil action seeking damages against defendants for committing acts under color of law, and depriving Plaintiffs of their rights secured by the Constitution and laws of the United States of America.

## JURISDICTION

1. This action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.
2. The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States.
3. Pendent jurisdiction as provided under 28 U.S.C. § 1367(a).

## PARTIES

4. Plaintiff, OCTAVIA HALE, is a citizen of the United States of America, who, at all times relevant, resided in DuPage County, Illinois. She is the mother, guardian, and next friend of J.H., a minor child.

5. Plaintiff, JAMONTAE WILSON, is a citizen of the United States of America, who, at all times relevant, resided in DuPage County, Illinois. He is the son of Plaintiff Hale.

6. Defendant, JEREMIAH ARNOLD, #476 ("Defendant Arnold"), was, at the time of this occurrence, a duly licensed Lisle Police Officer. He engaged in the conduct complained of in the course and scope of his employment and under color of law. He is sued in his individual capacity.

7. Defendant, WILLIAM WISE, #481 ("Defendant Wise"), was, at the time of this occurrence, a duly licensed Lisle Police Officer. He engaged in the conduct complained of in the course and scope of his employment and under color of law. He is sued in his individual capacity.

8. Defendant Arnold and Defendant Wise, collectively ("Defendant Officers").

9. Defendant, VILLAGE OF LISLE ("Village"), is a municipal corporation duly incorporated under the laws of the State of Illinois and is the employer and principal of Defendant Officer.

## FACTS

10. On or around December 7, 2020, a male was kidnapped and being held by men with guns inside Apartment #3D at 4622 Lake Valley Drive.

11. In order to escape, he had to jump from a balcony; the victim and his friend then informed police of their complaint and Defendant Officers opened an investigation.

12. The complainant informed the Defendant Officers that he had been held in an abandoned apartment on the third floor, but was not sure which.

13. Accordingly, in order to obtain a warrant, Defendant Officers submitted false and inaccurate information to the judge.

14. According to Defendant Arnold's incident report, the victim "wasn't sure" which apartment he had been held in.

15. Moreover, at all times relevant, Defendants were aware of previous complaints about a Black male from Apartment #3D brandishing a handgun.

16. Despite that, Defendant Arnold wrote in his complaint for a search warrant that Defendant Wise, "advised that he heard a male subject, who was inside of [apartment #3A] say, 'he was scared as hell, I should have shot him'".

17. In fact, inside Apartment #3A was Octavia Hale and her two sons, aged 15 and 18.

18. Based upon Defendants' false representations, a warrant was issued for the Hale home, Apartment #3A.

19. Pursuant thereto, DuPage Metro SWAT officers raided the Hale's home in the middle of the night.

20. After surrounding their building with tanks and other tactical vehicle, and while brandishing semiautomatic weapons, Hale and her sons were ordered at gunpoint out of their home, arrested, separated, and taken to the police station.

21. Furthermore, their home was searched and items from their home were seized.

22. Although it was immediately apparent that Plaintiffs were not the individuals the defendants were searching for, they were detained for hours before finally being released without an explanation or apology.

23. Had the Defendants conducted a reasonable investigation, they would have known that

    a. the victim's vehicle was parked outside the actual apartment;

    b. that the ground below the apartment balcony where he jumped was visibly disturbed; and

    c. that there was no disturbed ground beneath Plaintiffs' balcony.

24. The acts of the Defendant Officers were intentional, willful, and wanton.

25. As a direct and proximate result of the unlawful actions of the Defendants, Plaintiffs were injured, including pain and suffering, humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of their constitutional rights and dignity, interference with a normal life, lost time, and attorneys' fees.

**COUNT I: 42 U.S.C. § 1983 – Illegal Seizure**

26. Plaintiffs reallege each of the foregoing paragraphs as if fully set forth here.

27. The seizure of Plaintiffs' persons performed willfully and wantonly by Defendant Officers, as detailed above, were in violation of Plaintiffs' right to be free from unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

28. As a direct and proximate result of the above-detailed actions of the defendants, Plaintiffs were injured, including the deprivation of their liberty and the taking of their person and property. In addition, the violations proximately caused Plaintiffs to suffer, without limitation, pain, suffering, humiliation, emotional distress, mental anguish, exposed them to public scandal and disgrace, and financial loss.

WHEREFORE the Plaintiffs, OCTAVIA HALE, on behalf of herself and as Mother and Next Friend of J.H, and JAMONTAE WILSON, purusant to 42 U.S.C. §1983, demands

judgment against the Defendants, JEREMIAH ARNOLD #476, and WILLIAM WISE #481, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

**COUNT II: 42 U.S.C. § 1983 – False Arrest**

29. Plaintiffs reallege each of the foregoing paragraphs as if fully set forth here.

30. The actions of Defendant Officers, described above, knowingly caused Plaintiffs to be arrested and imprisoned without probable cause or any other justification, constituted a deliberate indifference to Plaintiffs' right under U.S. Constitution in violation of the Fourth and Fourteenth Amendment.

31. As a proximate result of the above-detailed actions, Plaintiffs were injured, including the deprivation of their liberty and the taking of their person. In addition, the violations proximately caused Plaintiffs mental anguish, embarrassment, and humiliation, exposed them to public scandal and disgrace, and caused them to incur various expenses, including but not limited to attorneys' fees, all to Plaintiffs' damage.

WHEREFORE the Plaintiffs, OCTAVIA HALE, on behalf of herself and as Mother and Next Friend of J.H, and JAMONTAE WILSON, purusant to 42 U.S.C. §1983, demands judgment against the Defendants, JEREMIAH ARNOLD #476, and WILLIAM WISE #481, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

**COUNT III: 42 U.S.C. § 1983 – Excessive Force**

32. Plaintiff re-alleges the above paragraphs as though fully set forth herein.

33. The actions of the Defendant Officers constituted unreasonable, unjustifiable, and excessive force against Plaintiffs, thus violating their rights under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

34. Pointing a gun at an individual who presents no danger is unreasonable and violates the Fourth Amendment.

35. As a direct and proximate result of the above-detailed actions of the defendants, Plaintiff was injured, including severe pain, physical injury, mental suffering, anguish and humiliation, emotional distress, and fear.

WHEREFORE the Plaintiffs, OCTAVIA HALE, on behalf of herself and as Mother and Next Friend of J.H, and JAMONTAE WILSON, purusant to 42 U.S.C. §1983, demands judgment against the Defendants, JEREMIAH ARNOLD #476, and WILLIAM WISE #481, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

**COUNT IV: 745 ILCS 10/9-102 – Indemnification**

36. Plaintiffs reallege each of the foregoing paragraphs as if fully set forth here.

37. Defendant Village is the employer of the Defendant Officers.

38. The individually-named defendants committed the acts alleged above under color of law and in the scope of their employment as employees of the Village of Lisle.

WHEREFORE the Plaintiffs, OCTAVIA HALE, on behalf of herself and as Mother and Next Friend of J.H, and JAMONTAE WILSON, demand that, should any individually-named Defendant be found liable on one or more of the claims set forth above, pursuant to 745 ILCS 10/9-102, the Defendant, VILLAGE OF LISLE, be found liable for any judgment Plaintiffs obtains, as well as attorney's fees and costs awarded.

## COUNT V: Intentional Infliction of Emotional Distress

39. Plaintiffs reallege each of the foregoing paragraphs as if fully set forth here.

40. The above-detailed conduct by Defendant Officers was extreme and outrageous, exceeding all bounds of human decency.

41. Defendants Officers performed the acts detailed above with the intent of inflicting severe emotional distress or with knowledge of the high probability that the conduct would cause such distress.

42. Defendant Village is sued in this to the doctrine of *respondeat superior*, in that Defendant Officers performed the actions complained of while on duty and/or in the employ of Defendant Village of Lisle, and while acting within the scope of their respective employment.

43. As a direct and proximate result of this conduct, Plaintiffs did, in fact, suffer severe emotional distress, resulting in injury to their mind, body, and nervous system, including loss of sleep, mental anguish, and excruciating physical pain and emotional suffering.

WHEREFORE the Plaintiffs, OCTAVIA HALE, on behalf of herself and as Mother and Next Friend of J.H, and JAMONTAE WILSON, demands judgment against the Defendants, VILLAGE OF LISLE, JEREMIAH ARNOLD #476, and WILLIAM WISE, #481, for compensatory damages, punitive damages, the costs of this action and legal costs, and any such other and further relief as this Court deems equitable and just.

## COUNT VI: Assault

44. Plaintiffs reallege each of the foregoing paragraphs as if fully set forth here.

45. By the actions detailed above, the Defendant Officers placed Plaintiffs in reasonable apprehension of receiving an imminent battery.

46. By the actions detailed above, Plaintiffs were harmed.

47. As a direct and proximate result of the assault, Plaintiffs were injured.

48. Defendant Village is sued in this count pursuant to the doctrine of *respondeat superior*, in that Defendant Officers performed the actions complained of while on duty and/or in the employ of Defendant Village, and while acting within the scope of that employment.

WHEREFORE the Plaintiffs, OCTAVIA HALE, on behalf of herself and as Mother and Next Friend of J.H, and JAMONTAE WILSON, demands judgment against the Defendants, VILLAGE OF LISLE, JEREMIAH ARNOLD #476, and WILLIAM WISE, #481, for compensatory damages, punitive damages, the costs of this action and legal costs, and any such other and further relief as this Court deems equitable and just.

**PLAINTIFFS DEMANDS TRIAL BY JURY.**

Respectfully Submitted,

**OCTAVIA HALE, on behalf of herself and as Mother and Next Friend of J.H, and JAMONTAE WILSON**

/s/Ari Williams
*One of Plaintiffs' Attorneys*

Ari Williams
**ARI WILLIAMS LAW, LLC**
ARDC #6330633
4504 S. Cottage Grove
Chicago, IL 60653
T: (312) 504-7640
E: ari@ariwilliams.com

Jeanette Samuels
**SAMUELS & ASSOCIATES, LTD.**
2925 S. Wabash Avenue, Suite 104
Chicago, Illinois 60616
T: (872) 588-8726
F: (872) 813-8286
E: sam@chicivilrights.com